UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO.: _____

MYTECHHELP, LLC, a Florida limited liability company,

    Plaintiff,

v.

MYTECH PARTNERS, INC., a Minnesota corporation,

    Defendant.
_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, MYTECHHELP, LLC, a Florida limited liability company ("Plaintiff"), through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby sues the Defendant, MYTECH PARTNERS, INC., a Minnesota corporation ("Defendant"), and alleges:

**NATURE OF CASE**

1.    This is an action for relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, as it relates to claims made by the Defendant that the Plaintiff's registration and use of the domain name www.mytechhelp.com (the "Plaintiff's Website") and the Plaintiff's use of the mark MYTECHHELP infringes on Defendant's service marks MYTECH, Registration No. 3,348,520, which was registered with the United States Patent and Trademark Office ("USPTO") on December 4, 2007, and MYTECH PARTNERS, Registration No. 2,567,520, which was registered on May 7, 2002 with the USPTO.

CASE NO.: _____

## JURISDICTION AND VENUE

2.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331 as it relates to claims made pursuant and under 28 U.S.C. § 2201 and 15 U.S.C. § 1051, *et. seq.* (the "Lanham Act") relating to trademark claims arising out of or relating to the Lanham Act.

3.  This court has personal jurisdiction over the Defendant, pursuant to Florida Statutes § 48.193(1) and (2), by, *inter alia*, Defendant's operation of a highly transaction-oriented and interactive website with a domain name www.mytech.com ("Defendant's Website") accessible in this district which, among other things, invites Florida residents to knowingly and purposefully contact the Defendant through the Defendants' Website, download technology tips and articles, view demonstrative videos and Webinars, create and access personal user accounts, subscribe to and receive email newsletters, gain remote access to software services hosted by the Defendant's Website, permit the Defendant to establish connections to provide remote assistance to users, exchange information with the Defendant's host computer, and, upon information and belief, conduct and enter into transactions over the internet with residents of foreign jurisdictions, including Florida, that involve the knowing and repeated transmission of computer files and information to such residents.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because, *inter alia*, a substantial part of the events giving rise to the instant claim for declaratory relief and the subject matter thereof occurred in this district and the Defendant is subject to this Court's personal jurisdiction with respect to this action in this district.

CASE NO.: _____

## PARTIES

5.  Plaintiff is a limited liability company organized and existing under the laws of the State of Florida and has a principal place of business located at 5259 Coconut Creek Parkway, Margate, FL 33063.

6.  Upon information and belief, Defendant is a corporation organized and existing under the laws of Minnesota and has a principal place of business located at 2420 Long Lake Road, Roseville, MN 55113.

## BACKGROUND

7.  Plaintiff owns and operates the Plaintiff's Website, which it uses in connection with the promotion, marketing and advertising of its consumer-based technical support services as more fully described herein.

8.  In connection with such services that Plaintiff offers through the Plaintiff's Website, it promotes such services under the mark MYTECHHELP.

9.  Plaintiff offers technical support services and troubleshooting primarily to individual consumers relating to personal computers, PC-related components, hardware, software, printers, scanners, virus and SPAM security, iPods, MP3 players and other electronic devices ("Plaintiff's Services").

10. Defendant owns and operates the Defendant's Website, which it uses in connection with the promotion, marketing and advertising of its business-based consulting, technical and information technology ("IT") services as more fully described herein.

3

CASE NO.: _____

11. In connection with such services that the Defendant offers through the Defendant's Website, it promotes its services under the service marks MYTECH and MYTECH PARTNERS.

12. Upon information and belief, Defendant offers technical support and consulting services to business, such as network infrastructure, managed services, IT consulting, VoIP, and video surveillance ("Defendant's Services").

13. On November 14, 2012, counsel for the Defendant sent a letter to the Plaintiff advising of the Defendant's registered service marks, MYTECH and MYTECH PARTNERS, and demanding that the Plaintiff, *inter alia*, cease and desist from further use of the mark MYTECHHELP ("Cease and Desist Letter"). A true and correct copy of the November 14, 2012 Cease and Desist Letter is attached hereto as Exhibit "A."

## COUNT I
## DECLARATORY JUDGMENT

14. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 - 13 above as if fully set forth and incorporated herein.

15. Plaintiff seeks a declaration of its rights, pursuant to the Federal Declaratory Judgment Act and the Lanham Act that its registration and use of the Plaintiff's Website and its use of the mark MYTECHHELP do not infringe the trademark rights of the Defendant pursuant to the Lanham Act.

16. The Plaintiff's registration and use of the Plaintiff's Website and its use of the mark MYTECHHELP do not infringe on Defendant's use of the registered service marks MYTECH and/or MYTECH PARTNERS because, *inter alia*:

4

CASE NO.: _____

a. Defendant's use and registration of the service marks are highly descriptive of the technical and technology-related services rendered by the Defendant;

b. Defendant's use and registration of the service marks are not unique or distinctive, but rather consistent with the substantial third party uses and common understanding of the term "My Tech";

c. The visual, aural and definitional attributes and the trade dress of the Defendant's mark MYTECHHELP and the Plaintiff's service marks, MYTECH and MYTECH PARTNERS, are substantially different;

d. On information and belief, the term "MyTech" is included in a substantial amount of trade names of entities and registered trademarks operating the same or similar services as that of the Defendant;

e. On information and belief, the term "My Tech" is included in a substantial amount of advertising by entities offering the same or similar services as that of the Defendant;

f. Plaintiff's Services are intended for (and are targeted to) vastly different consumers than are Defendant's Services;

g. Plaintiff's Services are intended for a vastly different purpose and use than are Defendant's Services; and

h. There have been no incidents of actual confusion between Plaintiff's and Defendant's use of the subject term.

RICHMAN GREER, P.A.
Miami • West Palm Beach

CASE NO.: _____

17. Ultimately, confusion is not likely because the parties' services are distinct, they operate in completely separate channels of trade, and are marketed to vastly disparate customers.

18. As a result of the Defendant's Cease and Desist Letter, an actual case or controversy exists between the parties with respect to Defendant's allegations and accusations of trademark infringement against the Plaintiff which threaten serious consequences to the business operation of the Plaintiff.

19. Because Plaintiff is entitled to be able to continue to conduct its business and provide the Plaintiff's Services to its existing customers and new customers, and engage in its business in an environment free of accusations and threats, Plaintiff is in need of, and entitled to, a judicial declaration of each party's respective rights and liabilities as they pertain to Plaintiff's registration and use of the Plaintiff's Website and its use of the mark MYTECHHELP in connection with Plaintiff's Services.

## JURY DEMAND

The Plaintiff respectfully requests that the issues in this case be tried by a jury.

WHEREFORE, Plaintiff, MYTECHHELP, LLC respectfully requests that this Court enter a judgment, pursuant to 28 U.S.C. § 2201, declaring that its registration and use of the website, www.mytechhelp.com, and its use of the term "MyTechHelp" do not infringe on any of the Defendant's rights under the Lanham Act, including the Defendant's rights with regard to U.S. Trademark Registration Nos. 3,348,520 and 2,567,520, and grant such further relief as it deems just and proper.

CASE NO.: _____

Dated: December 4, 2012

**RICHMAN GREER, P.A.**

By: _____
Gary S. Betensky
Fla. Bar No. 0434302
gbetensky@richmangreer.com
Chad J. Gottlieb
Fla. Bar No. 0064838
cgottlieb@richmangreer.com
250 Australian Ave. South, Ste. 1504
West Palm Beach, Florida 33401
Telephone: (561) 803-3500
Facsimile: (561) 820-1608
**ATTORNEYS FOR PLAINTIFF
MYTECHHELP, LLC**

7